# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RONALD JACKSON,**

      **Plaintiff,**

-vs-                                                  Case No. 6:09-cv-604-Orl-31GJK

**METROPOLITAN PROPERTY AND**
**CASUALTY INSURANCE COMPANY,**

      **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Remand (Doc. 8) filed by the Plaintiff, Ronald Jackson ("Jackson"), the response (Doc.20) filed by the Defendant, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), and the reply (Doc. 24) filed by Jackson.

## I.    Background

Metropolitan insured Jackson's rental house, which suffered fire damage in April 2006. The parties disputed the amount due to Jackson under the policy. Jackson took the dispute to state court on March 22, 2007 and eventually prevailed. Metropolitan agreed to pay the amount Jackson claimed was due, and judgment was entered against Metropolitan for attorney's fees, taxable costs, and prejudgment interest. On December 8, 2008, Jackson filed the instant suit in state court, asserting a bad faith claim against Metropolitan for the tactics it employed in attempting to resolve is fire damage claim. In the complaint, Jackson alleged that "the amount in controversy in this action does not exceed the sum of seventy-five thousand and 00/100

($75,000.00) dollars, exclusive of pre-judgment interest, court costs and attorney's fees." (Doc. 2 at 1). Despite this allegation, on April 3, 2009, Metropolitan removed the case to this Court. Metropolitan argued that the parties were diverse and the amount in controversy exceeded $75,000, and that this Court therefore possessed diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]

A defendant may remove to federal court "any civil action brought in a state court of which district court courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts possess original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Removal jurisdiction is to be construed narrowly, with any doubts regarding the existence of federal jurisdiction to be resolved in favor of the non-removing party. *Id.*

Under the first paragraph of 28 U.S.C. § 1446(b), a case may be removed if on the face of the complaint the plaintiff has alleged facts sufficient to establish the jurisdictional requirements. *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). However, if the case stated by the initial pleading is not removable, the second paragraph of Section 1446(b) permits a defendant to remove it to federal court within thirty days of receiving "a copy of an amended pleading, motion, order or other paper **from which it may first be ascertained** that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added).

---

[1] Jackson does not dispute the parties' diversity.

Metropolitan contends that the original complaint in this case was not removable. (Doc. 20 at 9). However, on February 6, 2009, Metropolitan made a $75,000 proposal for settlement to Jackson pursuant to Florida Statute § 768.79. Jackson did not respond to the proposal within 30 days. By operation of law, Jackson is deemed to have rejected the proposal as of March 9, 2009. Fla.R.Civ.P. 1.442(f)(1). Metropolitan argues that this rejection demonstrates that the amount in controversy exceeds $75,000, thereby satisfying the requirements for diversity jurisdiction and making the case removable under the second paragraph of 28 U.S.C. 1446(b).

Metropolitan is incorrect. Generally speaking, under Section 1446, only a voluntary act on the part of a plaintiff can render an initially unremovable case removable. *See Insigna v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988). The filing of an amended complaint that adds a federal claim or the voluntary dismissal of non-diverse defendants may constitute such a voluntary act.[2] No such act has taken place here. Even if the plaintiff had affirmatively rejected the settlement proposal (rather than simply ignoring it), that rejection would not have altered this case in any way relevant to the issue of federal jurisdiction. Specifically, the "rejection" did not alter the amount in controversy. If, as Metropolitan contends, this case was unremoveable when it was filed, it remains so now.

At most, Jackson's rejection of the settlement proposal constitutes some evidence that the amount in controversy exceeds $75,000 here. This is not enough to permit removal. Under the second paragraph of Section 1446(b), a case becomes removeable when three conditions are met.

---

[2]On the other hand, an *involuntary* dismissal of the non-diverse defendants will not transform a case into one that may be removed. *See Gandy v. Crompton*, 55 F.Supp.2d 593 (S.D.Miss. 1999) (holding that dismissal of non-diverse defendants due to plaintiff's failure to serve them was not "voluntary act" of plaintiff and case therefore remained unremoveable).

There must be "(1) 'an amended pleading, motion, order or other paper' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007) (quoting 28 U.S.C. § 1446(b)). Even if Jackson's failure to respond is the practical equivalent of "an amended pleading, motion, order or other paper" – a debatable proposition – Metropolitan has not shown that the rejection provided it with the first opportunity to ascertain that diversity jurisdiction existed, for at least two reasons. First, as noted above, Metropolitan has argued that the case was *not removeable* as filed, not that it was *unable* to figure out whether the case was removeable when it was filed. Second, having litigated the underlying insurance dispute, Metropolitan was already familiar with the facts and, more particularly, with the amount Jackson could recover under the bad faith statute. To the extent that this case was removeable when it was filed – *i.e.*, to the extent the amount in controversy exceeds $75,000 – Metropolitan was in as good a position to ascertain that when it received the complaint as it was after Jackson rejected the proposal.[3]

The fact that Jackson alleged in his complaint that the amount in controversy fell short of the jurisdictional threshold does not affect the analysis. A plaintiff's allegations in the complaint regarding the amount in controversy are not controlling. *See*, *e.g.*, *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000). In this case, moreover, Jackson's contention regarding the amount in controversy was qualified in such a way as to render it essentially meaningless. Jackson asserted that the amount in controversy did not exceed $75,000 "exclusive of pre-judgment

---

[3]Metropolitan's willingness to offer $75,000 to settle the case at its outset reinforces this conclusion.

interest, court costs *and attorney's fees*". (Doc. 2 at 1) (emphasis added). As a general rule, attorneys' fees are excluded from the calculation of the amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 1999 (1933). However, attorneys' fees are taken into account where the statute at issue authorizes their recovery. *Morrison v. Allstate*, 228 F.3d at 1265. The statute under which Jackson is proceeding permits him to recover attorneys' fees. *See* Fla. Stat. § 624.155(4). And Jackson seeks to recover attorneys' fees in the *ad damnum* clause in his complaint. (Doc. 2 at 14).

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 8) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 22, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party